**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4373

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWONENRICO M. WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-03-797)

Submitted: April 29, 2005          Decided: May 20, 2005

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Parks Nolan Small, Federal Public Defender, Columbia, South Carolina, Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwonenrico M. Washington pled guilty, without a plea agreement, to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (2000).[*] Washington was sentenced on May 5, 2004, to 110 months in prison, followed by three years of supervised release. After Washington filed his appeal, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). Washington has filed a motion to remand for resentencing in light of Booker. The Government does not oppose the motion.

We grant Washington's motion to remand to allow the district court to reconsider Washington's sentence in light of Booker. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a

_____

[*]Washington does not attack the voluntariness of his guilty plea.

- 2 -

sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>